Argued January 29, modified February 19, 1929.

ROY J. HOFFMAN, ADMINISTRATOR, *v.* ASMUS H. JESS.

(274 Pac. 918.)

For appellant there was a brief over the name of *Mr. C. A. Swope,* with an oral argument by *Mr. C. F. Gillette.*

For respondent there was a brief over the name of *Mr. W. E. Keyes,* with an oral argument by *Mr. B. W. Macy.*

PER CURIAM.—This is a suit to quiet title to a strip of land eight feet wide and sixty-six feet long, in Block 46, North Salem. The decision hinges upon the determination of the center line between Lot 5 and Lot 4 in said block. Each party claims title by adverse possession. Plaintiff has record title to Lot 4 and defendant has the deed of record to Lot 5. The trial court, after reciting that it was "unable to determine from the conflicting testimony which side is right in its contention" decreed that the strip of land be divided equally between the plaintiff and the defendant. The west four feet was decreed to the defendant and the east four feet to the plaintiff. Both parties appeal.

We are convinced that it is established by the greater weight of the testimony that plaintiff's predecessors in title acquired title to the strip of land in controversy by adverse possession for more than the statutory period. An "old line fence" was recognized for many years as the true boundary line of these respective properties. Plaintiff's predecessors in title always claimed the ownership of the eight-foot strip of

land east of this line fence, and such ownership was not disputed until recent years. It is not deemed necessary to recite the evidence supporting this conclusion.

The decree of the lower court is modified and the cause is remanded with directions to enter a decree that plaintiff is the owner in fee of the land in controversy. Plaintiff is entitled to costs and disbursements.                                          MODIFIED.